In the Matter of DAVID A. FERSTER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 5, 1990

## APPEARANCES OF COUNSEL

*Gerard M. LaRusso* for petitioner.

*Harrison & Gruber (John J. Gruber* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this court in 1976 and maintains offices for the practice of law in

Williamsville and Lancaster, New York. By petition dated April 20, 1990, the Grievance Committee of the Eighth Judicial District charges respondent with various violations of the Code of Professional Responsibility and rules of this court, as follows: Code of Professional Responsibility DR 9-102 (failing to identify and preserve funds of a client); DR 1-102 (A) (4) (engaging in conduct involving misrepresentation); DR 7-102 (failing to exercise professional judgment in the best interest of his client in knowingly making a false statement of fact); DR 6-101 (A) (3) (neglecting a legal matter entrusted to him); DR 7-101 (A) (2), (3) (failing to carry out a contract of employment with a client to the prejudice and damage of the client); and 22 NYCRR 1022.8 (failing to expedite court proceedings consistent with the client's interest).

The charges against respondent arise from his representation of three clients: the Village of Lancaster, Chester Lelio and Alice Pawarski. In December 1985, respondent was retained by the village to represent it in the sale of a parcel of real property. Following the closing, respondent received sale proceeds of $27,000 that he placed in an "escrow account". Approximately 11 months later, respondent forwarded the proceeds to the village in two separate drafts, drawn five weeks apart, in the amounts of $20,000 and $7,000. In the interim, respondent failed to identify those funds as belonging to the village, and on numerous occasions between February and October 1987 the account balance fell below $27,000.

In September 1985, respondent accepted a retainer of $3,050 to prosecute Lelio's wrongful discharge claim. For over two years, respondent neglected to prosecute the claim and misrepresented the status of the lawsuit to the client. Lelio discharged respondent in October 1987, at which time respondent refunded the retainer. Review of respondent's trust account statements indicates that repayment of Lelio's retainer was made from the real estate proceeds belonging to the village.

In March 1985, Pawarski paid respondent a retainer of $3,500 to prosecute her wrongful discharge claim. Respondent neglected to prosecute the action, failed to oppose an application by opposing counsel for an order of preclusion, and failed to move in a timely manner to vacate the order of preclusion. As a consequence, Pawarski's claim was precluded.

With respect to the village matter, respondent admits failing to preserve and identify the village's funds and failing to

keep adequate records. With respect to the Lelio complaint, respondent admits neglecting the lawsuit and misleading the client, and also admits commingling by repaying the client's retainer from the village's funds. With respect to the Pawarski complaint, respondent admits misrepresentation and neglect.

Based upon the petition and answer, we find that respondent violated DR 9-102; DR 1-102 (A) (4); DR 6-101 (A) (3); DR 7-101 (A) (2), (3); and 22 NYCRR 1022.8. On these facts, we find no violation of DR 7-102. In view of the seriousness of respondent's misconduct, and considering the mitigating circumstances raised in his answer, we determine that respondent should be suspended from the practice of law for three years and until the further order of this court.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of suspension entered.